# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-06-00637-CV
---

**Barbara Peach, Appellant**

**v.**

**Jose Alejandro Castillo & William Carter, Individually and as Representatives of Carter Transportation Services of Texas d/b/a Supershuttle of Austin, Inc.; Carter Transportation Services of Texas d/b/a Supershuttle of Austin, Inc.; & Supershuttle International, Inc., Appellees**

---
### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT NO. D-1-GN-04-000134, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING
---

## M E M O R A N D U M   O P I N I O N

The issue in this case is whether appellant Barbara Peach filed a timely notice of appeal. The trial court signed its judgment on June 29, 2006. Absent a timely motion or request extending the timetable, the notice of appeal was due July 31, 2006. *See* Tex. R. App. P. 26.1. Peach filed a notice of appeal in this Court on October 4, 2006.

After reviewing the trial court clerk's record, this Court's clerk requested an explanation of how the notice of appeal was timely. Peach responded by contending that her notice of appeal was timely based on a delayed start date for the filing period and an extension of the period in which to file. Appellees' counsel responded by urging that the tardiness of Peach's notice of appeal requires dismissal of this appeal for lack of jurisdiction.

Peach contends that her notice of appeal was timely filed within an extended 90-day time period dating from when she learned of the judgment. She claims that she received late notice of the judgment, referring to a July 12, 2006 "postmark date" and July 18, 2006 "received date." She contends that the filing of a request for findings of fact and conclusions of law on August 2, 2006,[1] entitled her to the 90-day timetable for filing notices of appeal. *See* Tex. R. App. P. 26.1(a)(4). The October 4, 2006 filing of the notice of appeal is within 90 days of the "postmark date" and the "received date."

However, nothing in the record shows that Peach attempted to use the process to establish late notice of judgment in the trial court, that the trial court found she received late notice, or that she was entitled to such a finding. *See* Tex. R. Civ. P. 306a. Appellate timetables run from the date the judgment is signed unless a party shows that she received notice of the judgment between 20 and 91 days after the date the judgment was signed. Both Peach's asserted "postmark date" and "received date" are within 20 days after the judgment was signed. Thus, she is not entitled to tolling of the start date of the periods for filing post-judgment notices and motions.

Regardless of when Peach received notice of the judgment, her request for findings and conclusions did not entitle her to the 90-day filing period. We note first that she filed her August 2, 2006 request for findings and conclusions more than 20 days after the judgment was signed. *See* Tex. R. Civ. P. 296. The court was not required to file findings and conclusions based on this tardy request. Even if it had been timely, this request would not have triggered the extended timetable. A request for findings and conclusions extends the deadline

---

[1] The trial court file stamped the request on August 4, 2006.

for filing a notice of appeal only when "findings and conclusions either are required by the Rules of Civil Procedure or, if not required, could properly be considered by the appellate court." Tex. R. App. P. 26.1. Findings and conclusions may be requested "[i]n any case tried in the district or county court *without a jury . . . .*" Tex. R. Civ. P. 296. Because this case was tried to a jury, the trial court was not required to make findings and conclusions, and this Court could not properly consider any findings or conclusions made. *See Buddy Gregg Motor Homes, Inc. v. Motor Vehicle Bd. of the Tex. Dep't of Transp.*, 179 S.W.3d 589, 604 (Tex. App.—Austin 2005, pet. denied); *Rathmell v. Morrison*, 732 S.W.2d 6, 16 (Tex. App.—Houston [14th Dist.] 1987, no writ). Thus, the request for findings and conclusions did not entitle Peach to the extended 90-day period in which to file her notice of appeal.

Peach did not file her notice of appeal timely. Because she was not entitled to the extended timetable, Peach was required to file her notice of appeal within 30 days of the date the judgment was signed. *See* Tex. R. App. P. 26.1. Within 15 days after that due date, Peach could have filed a motion to extend time to file the notice of appeal. *See id*. 26.3. Her notice of appeal, filed on October 4, 2006, was filed 97 days after the judgment signed on June 29, 2006—well outside the permissible period. She filed her notice of appeal 78 days after the asserted "received date." Using either start date, the notice of appeal was filed well outside the periods for filing the notice of appeal and for requesting an extension of time to file the notice of appeal. *See* Tex. R. App. P. 26.1, 26.3.

Because Peach did not file her notice of appeal timely, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(b). All motions pending in this appeal are dismissed.

 

 

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Dismissed for Want of Jurisdiction

Filed:   April 3, 2007